UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| EUGENE N. YARRINGTON III & SETH D. ROMANOS,<br><br>    Plaintiffs,<br><br>  v.<br><br>JPMORGAN CHASE & CO.; NAVIENT CORPORATION; COLLECTO, INC., D/B/A EOS CCA; CREDIT CONTROL, LLC; & RADIUS GLOBAL SOLUTIONS, LLC,<br><br>    Defendants. | CASE NO. 1:19-cv-00015 |

**PARTIALLY ASSENTED-TO MOTION FOR RECONSIDERATION AND TO CORRECT THE RECORD**

    Defendant JPMorgan Chase & Co. ("Chase"), by and through its counsel, Nixon Peabody LLP, hereby moves for reconsideration of this Court's order of May 6, 2019, taking under advisement Chase's Motion to Dismiss, and further asks to correct the Motion to Dismiss record to clarify a factual representation made during oral argument. Plaintiff opposes the motion for reconsideration, but assents to Chase's request to correct the record. In support hereof, Chase states as follows:

    1.    Plaintiffs in this case assert claims against Chase and other defendants based upon allegedly unlawful debt collection activities with respect to three student loans.

    2.    The only claim asserted against Chase appears in the Fifth Count, which alleges that Chase is vicariously liable under the New Hampshire Unfair Deceptive or Unreasonable Practices Act, RSA 358-C, for the illegal debt collection activities of various third-party debt collectors.

3. Chase's Motion to Dismiss (Doc. No. 23) argues that Chase should be dismissed from the case because the Complaint and Demand for Jury Trial does not allege sufficient facts connecting Chase to Plaintiffs' three student loans, much less to the allegedly unlawful debt collection activity that occurred more than a dozen years after the loans originated.

4. The Complaint does not allege, for example, any facts establishing that Chase owned the loans at the time of the debt collection activity, nor do any allegations in the Complaint establish that Chase *ever* owned the loans. With respect to Chase, the Complaint alleges only that the originating lender, Bank One, was merged into Chase sometime after it had originated Plaintiffs' loans. But that single allegation, by itself, does not establish that Chase acquired ownership of Plaintiffs' loans.

5. This Court heard oral argument on Chase's motion to dismiss on May 6, 2019. During the hearing, Judge LaPlante asked questions concerning Chase's records with respect to Plaintiffs' loans. While outside the record for purposes of the Motion to Dismiss, in full candor to the Court, undersigned counsel responded that Chase had searched its records and found no record of Plaintiffs' loans, with one exception—Chase possessed copies of the three original promissory notes originated by Bank One.

6. Although undersigned counsel argued, and the Court seemingly agreed, that Chase's possession of the promissory notes was a fact outside the record properly considered on a motion to dismiss, this fact was important to the Court's consideration of the motion. The Court remarked that Chase's possession of copies of the notes—even without any other records regarding those loans—suggested that Chase likely held ownership of the loans at some point in time. Given that circumstance, and despite the barebones nature of the allegations in the Complaint pertaining to Chase, the Court was reluctant to dismiss Chase. The Court expressed

concern that Plaintiffs would have a more difficult time getting clarity on the loan history without Chase in the case. Thus, rather than dismiss Chase from the case, the Court decided to take the motion under advisement and directed Plaintiff's counsel to work diligently to discover the history of ownership of the three loans in question, warning that the Court would consider granting Chase its attorneys' fees if Plaintiffs did not work diligently to discover that history.

7. After the oral argument hearing, undersigned counsel's contact at Chase advised undersigned counsel that Chase did not, in fact, have originals or copies of Plaintiffs' promissory notes in its files before this litigation commenced. Rather, shortly after the Complaint and Summons were served on Chase, but before undersigned counsel was retained, Plaintiffs' counsel provided to Chase copies of Plaintiffs' applications for the Bank One promissory notes. The only reason Chase presently possesses any documentation concerning Plaintiffs' loans is because Plaintiffs' counsel provided those copies to Chase. Chase's internal due diligence uncovered no documentation relating to Plaintiffs' student loans whatsoever.

8. Because the erroneous fact that Chase possessed copies of the three promissory notes appeared to be a potentially decisive factor in the Court's resolution of Chase's Motion to Dismiss, Chase believes it is important to correct the record on that point. Chase also requests that, pursuant to Local Rule 7.2(d), this Court reconsider its order taking Chase's Motion to Dismiss under advisement. The newly clarified fact that Chase did not possess any documentation pertaining to Plaintiffs' loans prior to this litigation does not technically alter the motion to dismiss record—i.e., Plaintiffs' Complaint remains deficient with regard to its threadbare allegations against Chase. But the corrected factual record now reveals that, even as a practical matter, it is highly unlikely that Chase's continued participation as a party in the case will assist Plaintiff in determining who owned the loan at the time of the debt collection activity.

Case 1:19-cv-00015-JL   Document 29   Filed 05/09/19   Page 4 of 4

9. A memorandum of law pursuant to Local Rule 7.1(a)(2) is unnecessary as no new legal argument is presented herein.

10. Pursuant to Local Rule 7.1(c), undersigned counsel conferred with Plaintiffs' counsel concerning this Motion. Plaintiff's counsel indicated that Plaintiffs oppose the motion for reconsideration, but that Plaintiffs assent to Chase's request to correct the record.

WHEREFORE, for the foregoing reasons, undersigned counsel respectfully requests that this Honorable Court:

A. Grant this Motion for Reconsideration and to Correct the Record;

B. Grant Chase's Motion to Dismiss, and dismiss the Fifth Count of the Complaint and Demand for Jury Trial; and

C. Grant such other and further relief as is just and equitable.

Dated:  May 9, 2019                     /s/ W. Daniel Deane
                                        W. Daniel Deane (Bar #18700)
                                        Michael E. Strauss (Bar #266717)
                                        **NIXON PEABODY LLP**
                                        900 Elm Street, 14th Floor
                                        Manchester, NH 03101
                                        Telephone:  (603) 628-4000
                                        Facsimile:   (603) 628-4041
                                        E-mail:  ddeane@nixonpeabody.com
                                                 mestrauss@nixonpeabody.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically served through ECF to all counsel of record in this matter who are registered with the Court's ECF filing system through ECF notification.

Date:  May 9, 2019                      /s/ W. Daniel Deane

4